NEW-YORK,<br>Oct. 1812.<br><br>FOWLER<br>v.<br>LANSING.

---

## FOWLER *against* LANSING.

IN ERROR, on *certiorari*, from a justice's court. *Lansing* brought an action against *Fowler* before the justice, to recover the penalty of 5 dollars, for obstructing a highway or road, under the 19th section of the act, to regulate highways, (sess. 24. c. 186.) which declares, that, "if any person shall hereafter obstruct any highway or road, or shall fill up or place any obstruction in any ditch constructed for draining water from any road, such person shall forfeit five dollars, for every offence, to be recovered," &c. The road was not a public highway, but a private road, laid out by the commissioners, under the 16th section of the act.

The justice gave judgment for the penalty.

*R. M. Livingston*, for the plaintiff in error.

*W. Mackmaness*, contra.

The penalty given by the 19th section of the act, regulating highways, (sess. 24. c. 186.) for obstructing highways or roads, relates only to obstructions of highways or *public* roads, and not of a *private* road.

NEWYORK,
Oct. 1812.

PORTER
v.
ANDREWS.

*Per Curiam.* This was an action to recover the penalty, under the 19th section of the act to regulate highways, for obstructing a private road, and the justice gave judgment for the penalty. The question is, whether the penalty given by that section is recoverable for such obstruction. We think, the sound and just construction of that section to be, that it relates only to highways or public roads. It ordains, " that if any person, within any of the said towns shall hereafter obstruct any highway or road, &c. such person, so offending, shall forfeit for every such offence, the sum of 5 dollars, to be recovered," &c. In various parts of the act, the term *road* is used synonymously with *highway*, and when it speaks of a road for individuals only, it is spoken of as a private road. The penalty is given to the commissioners of the town in which the offence was committed, for the improvement of the public roads and bridges, in the town, and this fortifies the construction to this part of the act; for an obstruction of a private road, is a mere private injury, in which the public have no concern; and it would be quite absurd to suppose that the legislature meant to inflict a penalty, and to appropriate it to the public, for an injury solely of a private nature. On this ground, we reverse the judgment.

Judgment reversed.