## HOLMES *vs.* SEELY.

Trespass lies for an entry upon land and an ouster of the plaintiff, but dam-
ages can be recovered only for the simple entry and ouster, and not for
the continuance of the trespass. Damages for the continuance are not re-
coverable until after the plaintiff has regained possession by re-entry.

Trespass quare clausum fregit cannot be maintained by the owner of land
against a third person for passing and re-passing over the land whilst the
premises are in the actual occupation of a tenant.

Where the owner of land sells and conveys a portion thereof which cannot be
approached from a public highway, but over the remaining lands of the gran-
tor, the grantee is entitled to a right of way over such remaining lands. The
grantor, it seems, in such case has the right to designate the track of the
way, having a due regard to the rights of both parties ; if he decline to exer-
cise such right, the grantee may select for himself and will be supported in
his selection unless chargeable with palpable abuse. The grantee is bound to
keep the way in repair, and is not permitted to go extra viam as a traveller
upon a public highway is allowed to do when the way is impassable, ex-
cept, it seems, when the private way is temporarily or accidentally obstruct-
ed.

THIS was an action of *trespass quare clausum fregit*, tried
at the Westchester circuit, in December, 1835, before the
Hon. CHARLES H. RUGGLES, one of the circuit judges. ·

The suit was brought for passing over an *eighty acre lot*
of land with cattle, carriages, &c., the defendant claiming a
right of *private way* over the same, which right was disputed
by the plaintiff; and for taking *absolute possession* of a
portion of the lot by the erection of a fence beyond, as the
plaintiff alleged, the *true division line* between the lands of
the parties. In 1792, one Lewis McDonald, being the own-

er of the eighty acre lot, and also of a lot of about twelve acres adjoining the same, which could not be approached directly from any public highway, but over the eighty acre lot, sold the twelve acre lot to one Smith, whose title passed to the defendant by sundry mesne conveyances. The eighty acre lot was sold by McDonald to one Dann, under whom the plaintiff made title. At the time when this action was commenced the plaintiff brought ejectment for the small portion of land enclosed by the defendant. In the course of the trial the judge decided that the plaintiff was not entitled to recover for the *enclosing* of the small portion of land, for the reason that at the time of the erection of the fence he had not such possession as would entitle him to bring an action of trespass : the land being in the *actual possession* of a *tenant* of the plaintiff. In reference to the *right of way*, there was a mass of testimony going to show that the owners of the twelve acre lot, since the sale thereof by McDonald, had passed over the eighty acre lot in drawing wood and in driving cattle to and from the twelve acre lot, and that such right was exercised without interruption until the year 1833. There were two principal tracks, and part of the way a third, *all* of which were used at the option of the parties passing over the land. There was also some evidence of an obstruction on one of the routes for a portion of the time. In the progress of the trial the judge ruled that the defendant must make his election as to one of the tracks and confine his defence to it ; and the defendant accordingly designated one of the tracks. The jury found for the *defendant*, and the plaintiff moves for a new trial.

*J. A. Spencer*, for the plaintiff.

*M. T. Reynolds*, for the defendant.

*By the Court*, NELSON, Ch. J. The judge decided correctly that the plaintiff could not recover damages in this action for the entry upon the *close* in the spring of 1833, as it was then in the possession and occupation of his tenant,

The plaintiff must have the actual possession at the time, or what is deemed equivalent, a possession which the legal title draws after it. 1 Johns. R. 512. 12 id. 184. 9 id. 16. 10 Wendell, 639. Saund. Pl. & Ev. 866, 868, and cases there cited.

The second count of the declaration charges an entry and ouster of the plaintiff in respect to the small portion of land enclosed by the defendant; and this count is supported by the proof in the case. It appears from the authorities that after an ouster the plaintiff can recover damages only for the simple trespass or first entry; for though every subsequent act is a continuance of the trespass, yet to enable the plaintiff to recover damages for these acts, there must be a re-entry. 2 Johns. Cas. 27. 2 Salk. 639. 2 Ld. Raym. 975, 7. 3 Black. Comm. 210. A disseizee may have trespass against a disseizor for the disseizin itself, because he was then in possession; but not for the injury after, until he has gained possession by re-entry; the action then may be sustained for the intermediate damage. 1 Chitty's Pl. 177. Cro. Eliz. 540. The counsel for the plaintiff is mistaken in supposing that the judge refused to permit the plaintiff to recover for the trespass upon the piece of land enclosed by the defendant because he had brought an action of ejectment for the entry and ouster; it was for the reason, doubtless, that no sufficient possession was shown to sustain the action.

It is probable, from the facts in the case, that the defendant is entitled to a *private way* across the eighty acre lot, from the Bedford road to his small lot, for agricultural purposes as a *way of necessity*. Lewis McDonald formerly owned both of these lots, and in 1792 sold the small one to Smith, from whom the defendant derives his title. McDonald died in 1797, and the eighty acre lot fell to his brother James, from whom the plaintiff claims. The son of James, who was a witness, testified that there was no other way to the defendant's lot than over the *locus in quo*. If this was the situation of the lot at the time of the conveyance to Smith, and has thus continued ever since, a *right of way* followed as an incident to the grant. 1 Wms. Saund. 323,

n. 6, *to the case of Pompel* v. *Ricroft.* 8 T. R. 56. 4 Maule & Selw. 393. Cro. Jac. 170. Siderf. 39. 5 Taunt. 311. Woolrych on Ways, 20, 22, 291. This way should be a convenient one over the adjoining close of the grantor, due regard being had to the interest of both parties. Woolrych, 23, and cases there cited. Subject to this rule it would seem reasonable that the grantor should be allowed to assign such way as he could best spare. Id. 2 Roll. Abr. 60. If he decline or omit, the grantee, must select for himself, and the court would no doubt extend a liberal indulgence to the exercise of his discretion. Nothing short of evident abuse ought to invalidate the one thus designated and used, as the grantor or those under him would be in fault for not assigning a way themselves. But under this right, the party cannot set up a claim to the use of several ways over the adjoining close ; it cannot be carried beyond the necessity. This was strongly exemplified in the case of *Holmes* v. *Garing,* 2 Bing. 76, where it was decided that a way of necessity became extinguished because the party could conveniently reach his lot by means of a close of his own, subsequently purchased.

In respect to a *public way,* if there be an obstruction so as to make the ordinary track dangerous, the traveller may go *extra viam* passing as near to the original way as possible. Henn's case, Sir Wm. Jones, 297. 3 Salk. 182. 2 Show. 28. This rule, generally, is not applicable to a *private way* which becomes foundrious or impassable, Doug. 745, 4 Maule & Sel. 387, as where a specific way is prescribed for, no implication of a right arises to go to the right or left ; or in the language of Lord Ellenborough, " to break out of it at random over the whole surface of the close." Highways are for the public service, and if the usual track be impassable, the general good requires that there should be an outlet, so that the people may at all times have a passage. The better opinion, however, seems to be, that in the case of a *private way of necessity,* a passage *extra viam* may be justified where the usual track is obstructed. Woolrych, 51. Doug. 749. There is a distinction between a *private way by grant* and *one of necessity,* resting upon the

ground that the one is the grant of a *specific track* over the close, while the other is a *general right* to a way over it; the one an express specific grant, the other a more general implied one. If the outlet in case of· obstruction exist at all in the case of a way of necessity, it is clear that it does not where it could be avoided by reasonable repairs ; and this duty devolves upon the defendant. Doug. 749. The burthen falls upon the party enjoying the benefit.

The proof fell altogether short of establishing a way by *prescription*, for although there is some evidence of a user for twenty years, it is not confined to any particular or specific track. The right proved, if it amount to any thing in this respect, is a right to several cross roads over the greater part of the eighty acre lot, for the proof of user applies about equally to all of them. I have found no authority for a right of way *by prescription* to travel at random over another's close, nor that such user is evidence of a prescriptive right of way over any particular part of it ; on the contrary, it rather negatives such conclusion. Indeed, after the judge required the defendant to make his election and confine his defence to one of the tracks used as a way, I do not perceive how the jury could have arrived at the conclusion that *no trespass* was committed upon the plaintiff. The defendant elected the way through the ridge lot, which may be called the middle route, and by so doing would seem to have left confessedly undefended the travel over all the others.

If right in the foregoing view of this case, a new trial must be granted, because, 1. Assuming that a right of way of necessity exists, the defendant did not confine himself to it in passing and re-passing to and from his lot ; and 2. There was no right by prescription established to justify the several ways over the eighty acre lot proved to have been used.

New trial granted ; costs to abide the event.