7b      309
40 Mis⁸ 14

### WILLIAMS *vs.* SAFFORD.

The grantee of a *private* way, which has become foundrious and impassable, can not, without being a trespasser, go on the adjoining close, and thus pass around the obstruction.

The rule is the same, where the owner of the close through which the private way passes, caused the obstruction.

It *seems* that the only remedy for the owner of the way is to remove the obstruction and to prosecute for damages.

There is no distinction, with respect to the right of passing *extra viam*, between a *private* way by grant and a *private* way *ex necessitate*, after the latter has once been selected or assigned.

The same rule applies to a private way by *prescription*, that controls in the case of a *grant*.

A person travelling on a *public* highway, which has become foundrious and impassable, has a right to remove enough of the fences in the adjoining close, to enable him to pass around the obstruction, doing no unnecessary injury; but he becomes a trespasser if he tears away other fences, and tramples down the herbage in other parts of the close.

DEMURRER.   The action was trespass *quare clausum fregit* upon lot No. 68 in the town of Salem.   The defendant pleaded several special pleas, and the plaintiff replied specially, and by new assignments.   The plaintiff demurred to the 6th, 7th, 8th, 10th and 11th pleas to the new assignments, and the defendant joined in demurrer.   The several pleadings, and the questions of law raised by them, are fully set forth in the opinion of the court.

*C. L. Allen,* for the plaintiff.

*James Gibson,* for the defendant.

*By the Court,* WILLARD, J.   The demurrer to the sixth plea of the defendant to the several replications and new assignments of the plaintiff, to the 2d, 5th, 6th, 7th, 13th, 14th and 15th pleas in bar, raises the question whether the grantee

of a private way, which is obstructed by the grantor so that the grantee can not pass, may go out of the way upon the grantor's land, to avoid said obstruction, doing no unnecessary damage.

The cases relied on by the defendant's counsel are not analogous to this, but are clearly distinguishable. The owner has a right to retake his goods, on the freehold of the trespasser by whom they were wrongfully taken, provided he can do it without a breach of the peace. (*Scribner* v. *Beach,* 4 *Denio,* 449, 451.) And a man may justify a trespass in entering his neighbor's land and peaceably abating a nuisance. The defendant in this case had a right to remove the obstructions from the road, and he had a cause of action against the plaintiff for placing them there. (*Fowler* v. *Lansing,* 9 *John.* 349.) These are all the remedies which the law allows him, and they are abundantly adequate.

There are some cases which give countenance to the opinion that the owner of a private way, when it is out of repair, may go on to the adjoining ground, in like manner as it is conceded it may be done, when a public road has become foundrious and impassable. This opinion was intimated by Blackstone in his commentaries, (edition of 1765,) and by Ch. Baron Comyn, in his digest, (Chemin D. 6.) But the authorities cited in support of the opinion do not warrant it; for they all seem to relate to *public* ways only. (1 *Saund.* 322 *a, n.* 3.) The rule was unquestionably held otherwise in *Taylor* v. *Whitehead,* (*Doug.* 744,) with respect to private ways, rendered impassable by the overflow of a river; and the same principle was again asserted in *Bullard* v. *Harrison,* (4 *Mau. & Sel.* 387, 392.) Lord Ellenborough remarks that the plaintiff has no right to break out of the road and go at random over the whole surface of the close. The same principle is recognized by this court in *Holmes* v. *Seeley,* (19 *Wend.* 507.)

The fact that the plaintiff caused the obstruction to the road can no more justify the defendant in going *extra viam,* than a private nuisance, erected by the landlord, prejudicial to the enjoyment by his tenant of demised premises, can justify the entry of the latter on other premises of the same landlord. The

law gives no remedy in such case but to abate the nuisance, or an action for damages. The grantee of a private way is himself bound to keep it in repair. He alone has the right of using it. He alone can prosecute for an obstruction of it. Highways are governed by a different principle. They are for the public service, and if the usual track is impassable, it is for the general good that people should be entitled to pass in another line. (*Doug.* 748, *per Lord Mansfield.*) The obstructing of a public highway may be punished by indictment. It may also be abated by any person as a nuisance, and the individual sustaining a particular injury, not common to all, may sustain an action against the party occasioning the obstruction. This demurrer therefore is well taken.

The demurrer to the 7th plea in bar to the replication and new assignment of the plaintiff to the 11th plea, presents the question whether the owner of a private way, originating *ex necessitate*, which has become foundrious and impassable, can pass out of the way on to the plaintiff's close adjacent thereto to avoid such obstructions. The general doctrine is not denied, that when one grants land to another to which there is no access except over the soil of the grantor, there is a right of way as incident to the grant; on the principle that the grant shall be taken most strongly against the grantor, and because such right is necessary to the enjoyment of the thing granted, and without which it would be of no avail. This is called a right of way *of necessity.*

In *Taylor* v. *Whitehead, supra,* Buller, justice, observes that if the way pleaded in that case had been a *way of necessity,* the question, whether in case it became foundrious the owner might go *extra viam,* would have required consideration; but it was not so pleaded. This dictum has given rise to the intimation in Woolrych on Ways, 51, and of Ch. J. Nelson in *Holmes* v. *Seeley,* (19 *Wend.* 510,) that "there is a distinction between a *private way by grant* and one *of necessity,* resting upon the ground that the one is the grant of a *specific track* over the close, while the other is a general right of way over it; the one an express specific grant, the other a more general implied one." It is believed, however, that there is no such dis-

tinction between them.   A private way of necessity is nothing
else but a way by grant.   (1 *Saund.* 323 *a, n.* 6.   *Bullard* v.
*Harrison,* 4 *M. & Sel.* 393.)   Such way does not give the
owner a right to go at random over the entire close.   He has a
right merely to a convenient way, due regard being had to the
convenience of both parties.   Nelson, Ch. J. in *Holmes* v. *See-
ley,* intimates " that the grantor should be allowed to assign
such way as he could best spare.   If he decline or omit, the
grantee must select for himself, and the court would no doubt
extend a liberal indulgence to the exercise of his discretion."
But after the way has once been assigned, or selected, it rests
on the same footing as any other way by grant, and both par-
ties are bound by it ; the grantor not to obstruct it, and the
grantee to be confined to it.

The defendant in this case has not pleaded this way of ne-
cessity in general terms, but has set out the grant and specified
the manner in which the plaintiff's close became charged with
the road.   He does not claim a right, in his plea, to go at ran-
dom over any part of the plaintiff's land.   He has followed the
approved mode of pleading recommended by Sergeant Williams
in note 6 to 1 Saund. 323.   I think the plaintiff is entitled to
judgment on this demurrer.

The demurrer to the 8th plea in bar to the replication and
new assignment to the 11th plea in bar raises the question
whether the owner of a private way, originating *ex necessitate,*
and which has been obstructed *by the plaintiff,* can pass out of
the way on to the plaintiff's close adjacent thereto, to avoid
such obstructions.   This presents the same question as the last
plea, except that in this, the obstruction is alledged to have been
placed in the road by the plaintiff, and in the last, it is not sta-
ted by what means the road became impassable.   The princi-
ple decided in discussing the demurrer to the 6th plea disposes
of this also.   It makes no difference whether the road was ob-
structed by the plaintiff, or a stranger, or by the act of God.   In
neither case can the defendant justify a trespass *extra viam.(a)*
Judgment for plaintiff on this demurrer.

(*a*) See *Boyce* v. *Brown, (ante, p.* 80.)

Williams *v.* Safford.          .

The demurrer to the 10th plea in bar, to the replication and new assignment to the 4th and 10th pleas in bar, presents the same question, as in the last demurrer. The only difference is, that in the 4th and 10th pleas the defendant sets up a way by *prescription.* But the same doctrine applies with respect to a private road by *prescription,* that governs in the case of *grants.* (*See* 1 *Saund.* 323, *n.* 6.) The plaintiff must therefore have judgment on this demurrer.

The demurrer to the 11th plea in bar to the replication and new assignment to the 3d plea in bar is well taken. The 3d plea alledges that the close in which, &c. was a public highway, and that fences were wrongfully erected, and the defendant removed them. The replication and new assignment denies that it was a public highway, and tenders an issue to the country. It then new assigns that the action was brought not only for the trespasses in the third plea mentioned and therein attempted to be justified, but also for that the defendant on the said several days, &c. with force and arms, &c. with greater force than was necessary for abating the obstruction in that plea mentioned, and opening the said road, committed the trespasses in that plea mentioned; and also, for that the defendant, on &c. with force and arms, &c. broke and entered the said closes of the plaintiff with his hands, cattle, &c. and trod down the grass, &c. and for other and different purposes than those mentioned in the plea, and tore down and removed the fences of the plaintiff, of great value, to wit, for other and different purposes and on other occasions, &c. alledging that there were other and different trespasses than those mentioned in the third plea.

The 11th plea is, not guilty to the whole replication, and then as to the residue of the said supposed trespasses, that the way was foundrious and impassable, so that the defendant could not pass, &c. wherefore he necessarily did pass a little out of said road on said closes of the plaintiff, adjacent to said way, in order to avoid such obstruction, doing no unnecessary damage.

This plea is no answer to the new assignment. Assuming that the defendant had a right to turn out from an impassable public highway, on to the plaintiff's close, he still had no right

Vol. VII.     40

to remove the plaintiff's fences from other parts of his lot, and do the damage of which the plaintiff complains, and which damage was other and different from that connected with removing the obstructions from the road. A person travelling on a public highway, and finding a place foundrious and impassable, has doubtless a right to remove enough of the fences in the adjoining close to enable him to pass around the obstruction, doing no unnecessary injury. But he has no right, after entering the close, to tear away other fences, or to trample down the herbage in other parts of the close. The plea is therefore bad, and there must be judgment for the plaintiff, with leave for the defendant to amend, on payment of costs.

Judgment for the plaintiff on all the demurrers, with leave for the defendant to amend on payment of costs.

