MARTIN H. KENT versus CYRUS B. JUDKINS.

If a private way be unlawfully obstructed by the owner of the adjoining land, a persón entitled to use the way may pass over the adjoining close, so far as may be necessary to avoid the obstructions, taking care to do no unnecessary damage.

ON EXCEPTIONS from *Nisi Prius*, WALTON, J., presiding. TRESPASS *quare clausum fregit*.

The defendant justified under an alleged right of way. The plaintiff·denied that defendant had such right of way over his land, and further contended that, if the defendant had a right of way over his land, he was nevertheless a trespasser, because he had deviated from the track usually taken by him, and passed over other lands of the plaintiff.

It appeared in evidence that a portion of the track or path generally used by the defendant over the plaintiff's land, had been ploughed up by the plaintiff; that he had built a stone wall across it, and that the defendant thereupon turned out of the track he had generally used, and passed over the adjoining land of the plaintiff, in a road used by the plaintiff for farming purposes. The plaintiff did not claim that the defendant had done any unnecessary damage by this deviation from the track usually taken by him, but denied that he had a right to make it.

Upon this point the presiding Judge instructed the jury that, if the defendant had a right of way over the plaintiff's land, and the plaintiff had wilfully and intentionally obstructed the track usually·taken by the defendant, the defendant had a right to enter upon and go over the adjoining land of the plaintiff so far as would be necessary to avoid such obstructions, using due care and diligence to guard against all unnecessary damage to the plaintiff. To this ruling jo the presiding Judge, the plaintiff excepted.

*G. C. Vose*, for the plaintiff.

*E. O. Bean*, for the defendant.

Kent *v.* Judkins.

WALTON, J.—The question to be determined in this case is whether, if a private way is unlawfully obstructed by the owner of the adjoining land, a person entitled to use the way may justify passing over the adjoining close, so far as may be necessary to avoid the obstructions, taking care to do no unnecessary damage.

The law is well settled that a traveller upon a highway may lawfully pass over the adjoining land, when from any cause he finds the road impassable. This is justified upon the ground of necessity. "Serious inconveniences, to say the least, would follow, especially in a climate like our own, if this right were denied to those who have occasion to pass over the public ways. Not only would intercourse and business be sometimes suspended, but life itself would be endangered. In hilly and mountainous regions, as well as in exposed places near the sea coast, severe and unforeseen storms not unfrequently overtake the traveller, and render highways suddenly impassable, so that to advance or retreat by the ordinary path is alike impossible. In such cases, the only escape is by turning out of the usually traveled path and seeking an outlet over the fields adjoining the highway. If a necessity is not created under such circumstances, sufficient to justify or excuse a traveller, it is difficult to imagine a case that would come within the admitted rule of law. To hold a party guilty of a wrongful invasion of another's rights, for passing over land adjacent to the highway, under the pressure of such a necessity, would be pushing individual rights of property to an unreasonable extent, and giving them a protection beyond that which finds a sanction in the rules of law. Such a temporary and unavoidable use of private property must be regarded as one of those incidental burdens to which all property in a civilized community is subject." *Campbell* v. *Race*, 7 Cush., 408.

Why should not a traveller on a private way, under the pressure of a like necessity, enjoy the same privilege? There are hundreds and probably thousands of families in

this State who have no way of getting to and from their houses except by means of private ways through the lands of others, especially in our frontier and remote settlements. Are their lives of less value when traveling on one of these private ways than when traveling on a highway? Are the rights of the adjoining owner more sacred in the one case than the other?

It has been held, in one case in New York, that the owner of a private way cannot justify passing over the adjoining land in any case. (*Williams* v. *Safford*, 7 Barb., 309.) But, it was long ago held in England, in a case reported by Sir WILLIAM JONES, that where a person has a right of way through another's land, and the way is impassable, *through the fault of the owner of the land*, a person entitled to use the way may go *extra viam*. The action was trespass *quare clausum*. Defendant pleaded a right of way. Plaintiff replied that the defendant went out of the way. Defendant rejoined that the way, (a foot path,) was founderous, &c. " *in default of the plaintiff, who ought to amend it.*" This was resolved to be a good plea and justification. (*Henn's case*, W. Jones, 296;) Greenleaf's Cruise, title 24, §§ 17, 18; Tudor's Leading Cases, 127.

And, in a recent case in Massachusetts, the Court held the law to be clear and unquestionable that if the owner of land, which is subject to a private right of way, obstructs the way, a person entitled to use the same may lawfully enter upon and go over the adjoining land. The case was this: the defendant had a private right of way over the plaintiff's land, which the latter ploughed up and fenced. Defendant thereupon passed over the plaintiff's land in a different place. Plaintiff then obstructed that place. Defendant then entered at still another place. Plaintiff also obstructed this. Defendant then selected and used a fourth place of entrance. Plaintiff thereupon sued the defendant in an action of trespass. The Court declared the defendant's right to pass over the adjoining land of the plaintiff

to be clear and unquestionable. *Leonard* v. *Leonard*, 2 Allen, 543.

This decision is founded upon a fundamental principle of the common law, namely, that a man shall not be heard to complain of an injury which is the direct and necessary result of his own illegal act; the same principle that justifies the breach of another's close, to recapture goods unlawfully taken, or to abate a nuisance, or to restrain the owner of the close from committing a felony. *Frustra legis auxilium quaerit qui in legem committit.* Vainly does he who offends against the law seek the help of the law. The law will not allow the owner to complain of a breach of his close which his own unlawful acts have made necessary.

In this case, the presiding Judge instructed the jury, in substance, that if the plaintiff unlawfully obstructed the defendant's way, the defendant had a right to enter upon and go over the adjoining land of the plaintiff, so far as would be necessary to avoid the obstructions, taking care to do no unnecessary damage. We think this instruction was correct.

*Exceptions overruled.*

*Judgment on the verdict.*

APPLETON, C. J., CUTTING, KENT, BARROWS, DANFORTH and TAPLEY, JJ., concurred.