## HANNAH TOBIAS, Appellant, *v.* ANN E. COHN and WILLIAM COHN, Respondents.

*Life Estate—Lease—Trespass—When action maintainable?*

The Plaintiff having a life estate in the premises and leasing the same from year to year, cannot maintain an action in the nature of trespass for an injury done to the possession during the continuance of the lease.

Appeal from the Supreme Court.—The action was trespass, for entering a yard or garden in the possession of the Plaintiff, erecting a fence across it, and depriving her of the use of more than half the premises. On the trial before Judge Ingraham, at the New York Circuit, it was proved that the Plaintiff was the widow of Silas Tobias, deceased; that at the time of his death and for some time prior thereto, he owned two lots in Fourth street, New York, and three buildings erected on the front portion of such lots; that he occupied part of the house known as No. 615 as his dwelling, and the whole of that part of the lots in the rear of the three buildings as his yard; that as well before as after his death, it was enclosed and used as a garden, and that it contained choice plants, fruit trees, and shrubbery, and was bounded by an outer hedge.

By his will he gave to his widow the free use and enjoyment of the portions of the house they then occupied as a residence, " with the right to the front basement and yard, now in use and enjoyment by herself and me, being the same premises now occupied and enjoyed by herself and me at the date hereof, to have and to hold the same during the full period of her natural life, and till after her death and burial." There was also a provision that she might have in lieu thereof, at her election, any other suitable residence in any other house belonging to him at his decease; but it did not appear that she had availed herself of this provision.

In May, 1858, the Plaintiff rented the premises, including the yard or garden, to a Mrs. Weedham, at $200 a year. In the month

of October following, and while the property was in the possession of the lessee, the Defendant, Mrs. Cohn, who was a daughter of the testator, caused a fence to be erected across the garden, and destroyed the plants and shrubbery in that portion of it not immediately in the rear of No. 615.

The widow notified her to take down the fence, and Mrs. Cohn said she would do so if the Plaintiff wanted to come back there to live.

The tenant, after the fence was erected, refused to pay the agreed rent, and the Plaintiff then rented the premises to her at the reduced rate of $14 a month.

Upon these facts the Court dismissed the complaint, and the decision was sustained on appeal to the General Term.

*Justus Palmer* for Appellant.

*John C. Dimmick* for Respondent.

PORTER, J.—The Plaintiff was entitled to the use of the entire garden, as it had been occupied previous to the testator's death. She had a life interest in the premises; and though the declared purpose of the gift was to provide her with a residence, there was no limitation of the estate to a mere right of personal occupancy. She was at liberty to rent the premises; but when she did so, she parted with her possessory interest during the term of the lease.

The Court was right, therefore, in dismissing the complaint. The action was for an injury to the possession, which was in the tenant and not in the Plaintiff (Holmes *v.* Seely, 19 Wendell, 507).

There could not be a recovery for injury to the inheritance, as there were no allegations in the complaint, either of the destruction of the fruit trees and shrubbery, or of the reversionary interest of the Plaintiff in the premises.

The judgment should be affirmed.

Judge GROVER also read an opinion for affirmance.

Judgment affirmed.