The following is the opinion at special term:
Putnam, J.
This action is brought to recover damages for trespasses alleged to have been committed in June and July, 1889. It was originally commenced in justice’s court, and, defendant pleading title, was transferred to this court.
The plaintiff shows possession of and title to the premises in •question prior to the alleged trespasses and the acts of trespass alleged in the complaint.
Defendant’s claim is that the locus in quo is a public highway;. second, or that it is a private way, reserved to one Louis Baker and liis assigns, and that defendant is an assignee of said Baker; third, defendant claims that at the time of the trespasses in question the highway adjoining the locus in quo was obstructed, and that defendant passed over the adjoining premises of plaintiff, necessarily to avoid such obstruction, as he lawfully might.
First. I do not think that the evidence establishes the fact that the locus in quo is a public highway, even if the defendant, under the pleadings, is in a position to assert that defense, which is quite doubtful. The evidence rather shows that the locus in quo was a vacant plot in front of plaintiff’s hotel, allowed to so remain by plaintiff and his grantors, and which people from time to time drove over rather by license than under a claim of right, and which plot appears to have been so used, not in any particular roadway, but in all parts of it. The evidence fails to show a highway, either by a public user for twenty years, or in any other way.
Second. As to the claim asserted in the answer and on the trial, that the locus in quo was a private way reserved to Louis Baker and his assigns, and that defendant is an assignee of said Baker, I think the reservations in the deeds read in evidence to Louis Baker and his assigns should be deemed rather a right of way “ appurtenant ” to some lands held by Baker, than a right of way-“in gross.” Washburn on Basements, 3d ed., p. 10.
If appurtenant to lands, the assignee to whom the right of way is reserved is an assignee of such lands. If the right of way reserved is one in gross it seems doubtful whether it can be assigned. *103 See Washburn, 3d ed., page 10; 3d Kent’s Comment’s, 419-420; 2 Bouvier, 657.
But in any view of the case the reservation in the deeds could not give to Baker the right to make the public his assignee. It did not authorize Baker to make the lot in question a public highway. Yet this, in effect, is what the defendant claims. Concede that Baker could, by a proper conveyance, assign his interest in the way in question to any person or persons. It does not follow that he could authorize the highway commissioner to use it as the public highway during the period that the highway bridge was out of repair.
In my view, no assignment that Baker was authorized to make (if he was authorized to make any) was shown. It must be remembered that the lot in question was plaintiff’s. He had the right to the use of it, subject only to such right in it as was reserved to Louis Baker by deed. That use, as reserved in the deed, meant only the private use by Baker or his assigns. It did not mean a public user. If the claim of defendant is correct, Baker could not only have made the lot in question a public highway for a short period, but could have just as well made it a highway perpetually, and thus deprived plaintiff of his land. I think the deed gave Baker no such right.
Third. In my judgment the real question in the case is whether, under the circumstances shown, it was necessary for defendant or the public to pass over the lot in question, on account of the obstruction in the adjoining highway, caused by the defective bridge. On this question I have had, and have, serious doubts. On carefully considering the evidence in the ease, 1 have finally reached the conclusion that the evidence fails to show any necessity for the use made by defendant of plaintiff’s land.
In Holmes v. Seely, 19 Wend., 510, it is said: “In respect to the public way, if there be an obstruction so as to make the ordinary track dangerous, the traveler may go extra viam, passing as near the original way as possible.”
In Bullard v. Harrison, 4 Maule & Sel., 387-392, quoted and approved in Williams v. Safford, 7 Barb., 310, Lord Ellenborough remarks: “That the plaintiff has no right to break out of the road and go at random over the whole surface of the close.”
In this case it appears that the defendant was a highway com- ■ missioner and the evidence shows that he established a ferry opposite the plaintiff’s lot and built a dock on the locus in quo, and sent the public traveling on the highway through plaintiff’s premises. I think the evidence shows that the public could have traveled on the side of the highway until they passed the bridge without at all trespassing on the plaintiff’s premises. If it were necessary to do a small amount of grading to make the highway passable this should have been done by defendant.
Conceding that this could not have been done by the defendant (under all the cases) he had no right to use any more of plaintiff’s premises than was absolutely necessary. As held in Holmes v. Seely, supra, defendant was bound to enter plaintiff’s land as near the highway as possible. It does not appear that he *104 did so. He not only passed plaintiff’s lot at some distance from the bridge but passed over much more of it than necessary. ¡Nothing but absolute necessity justifies a traveler on a highway using the land of an adjoining owner without his consent and he can use what is absolutely required. It is not for the traveler, for his convenience or at his will, to ramble over another’s premises. He must go on it near to the highway and so as to use such land no more than absolutely necessary. If he does not he becomes a transgressor and is liable to an action.
In this case if defendant was not bound to keep within the highway he should have crossed the river so as to strike plaintiff’s land as near as possible to the road and so as to have only passed over a small corner of the lot.
I think the evidence establishes the fact that the defendant used more of plaintiff’s premises than was necessary, crossed said lot where he had no right to, and that therefore he is liable in this action. The damages, however, seem to be nominal. As the question of title is raised, plaintiff is entitled to the costs of the action.
Wilmer H. Dunn, for app’lt; J. F. Shedden, for resp’t.
Judgment affirmed, with costs, on opinion of court below.
Leabned, P. J., Landon and Mayham, JJ., concur.