HARRIET M. PALMER, Appellant, *v.* JOHN W. PALMER, Respondent.

*Way of necessity — how extinguished.*

A grantee of land acquires no right of way of necessity over the land of the grantor where the land conveyed can be reached through and by a public highway.

By furnishing a shorter and more convenient entrance to lands of the grantee the grantor extinguishes a right of access over his lands.

APPEAL by the plaintiff, Harriet M. Palmer, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of Westchester county on the 9th day of January, 1893, after a trial before the court without a jury at the Westchester Special Term.

*Isaac N. Mills*, for the appellant.

*Wm. A. Woodworth*, for the respondent.

BARNARD, P. J.:

John Palmer, a resident of Mamaroneck, in Westchester county, owned a farm on Wicorn street, a public highway. There was in the rear of this farm a private family burying ground. Palmer died in 1872, leaving five children. Before his death he conveyed the then family burying ground to his three sons. The three sons, in 1874, conveyed to the plaintiff and her sister a small piece of land adjoining this family burial plot, to be a burial place for them and their heirs. Susan A. Dean, one of the sisters, conveyed this small

plot to the plaintiff, in 1876. There was no right of way reserved in the deed from the brothers to the two sisters, or in that from Mrs. Dean to the plaintiff. The questions presented are, was there ever a way, of necessity, or, if there was, has it been extinguished by the creation of another and more convenient way of access to the lot? This is a question of fact, under the evidence presented, which involves an examination of the circumstances shown to have existed when the conveyance was made to the plaintiff and her sister. There was a very old burial ground called the Bloomer and Haight burial ground. On the west of this there was an old family plot of the Palmer family, with a path between the two plots running north and south. The plot conveyed to the plaintiff was north of the Palmer plot, and was at the end of this path, the two Palmer plots making with the Bloomer plot a substantially rectangular plot of land. The Bloomer and Haight plot fronted on an old lane, and had been used as a means of approach to that lot for nearly a hundred years (the Palmer plot). The Palmer plot reached the old lane at its corner only; but in 1872 the owner built a fence around the whole plot made up of the three burial grounds, and made steps from the Palmer inclosure to the land. In 1874 the plaintiff acquired her title to the plot in question, and on the same day she conveyed her interest in the defendant's farm, and neither deed reserved or gave any right of way to the plot. Under this state of these existing facts there was no right of way of necessity resulting to plaintiff and her sister. It was intended that the burials should be made in the plot through the lane over the stone steps, or through the Bloomer and Haight lots direct from the lane. This lane is public. It is idle to doubt the fact. It has been open and used for nearly a century to go to a public burial ground. The right of way over the Bloomer piece is not disputed by any one. The plaintiff has a right in the Palmer plot and must approach the land in question through it, there being no connection with the defendant's land otherwise. There are no grounds upon which a right of way of necessity can be based. The land can be reached through and by a public highway, and the piece of land was bought and sold with that local understanding. The deed of the defendant's plot was conveyed with a right of way to it through the lane, and this small piece of plaintiff's was but an addition to this plot in respect to

burials. The way of necessity is extinguished. Some five or six years ago the defendant threw a portion of his land into the lane, opposite the south end of the Palmer lot, which enabled persons to pass to the Palmer lot without going over private property of defendant. The widening of the lane gave access sufficient for burial purposes, but without width for wagons to pass. The burials have always been made in the old burial ground by steps from the lane. When the lane was widened so as to permit access direct from the lane to the Palmer lot, the way was shorter to defendant's lot and more convenient. This extinguished a right of access over defendant's, if one existed. (*Holmes* v. *Goring*, 2 Bing. [9 E. C. L.] 76 ; *Holmes* v. *Seely*, 19 Wend. 507.)

The judgment should be affirmed, with costs.

PRATT, J., concurred ; DYKMAN, J., not sitting.

Judgment affirmed, with costs.