## Lydia M. Hoyt *vs.* Daniel S. Kennedy.

Worcester. October 4, 1897. — January 5, 1898.

Present: Field, C. J., Allen, Holmes, Knowlton, & Morton, JJ.

*Trespass on Land — Easement — Exceptions — Instructions.*

If it does not appear from a bill of exceptions alleged at the trial of an action that the failure of the judge to instruct the jury upon a certain point was called to his attention after the charge, or that any exception was taken to such failure, or that his attention was called to the matter specifically before the charge, no question in respect to it is properly before this court.

No exception lies to the refusal to give an instruction in the language requested, if it is given in substance.

While A. may acquire a right of way over B.'s premises in one direction for one purpose, and another right of way over them in another direction for a different purpose, yet A. cannot acquire, under the claim of a right of way, a right of passing and repassing generally over B.'s premises where most convenient to A. or least prejudicial to B.

In an action for trespass upon the plaintiff's close, if the defendant justifies under an alleged right of way, instructions which do not direct the attention of the jury sufficiently to the effect upon the acquisition of a right of way of crossing the locus in such different directions as at the time seem convenient, are open to exception.

Tort, for breaking and entering the plaintiff's close in Hardwick, and doing certain acts thereon. At the trial in the Superior Court, before *Hopkins*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*F. W. Blackmer & E. H. Vaughan,* (*G. D. Storrs* with them,) for the plaintiff.

*H. M. Coney & H. C. Davis,* for the defendant.

Morton, J. This is an action of trespass *quare clausum.* The defendant justifies on the ground that at the times of the alleged trespasses he was using a prescriptive right of way which was appurtenant to the King farm, so called, which he occupied. There was testimony tending to show that the locus was situated between the highway and a pond called Hardwick Pond, that its surface was hilly and broken and covered with a growth of pine and brush, that about one third of it was pasture land, and that there were various ways across it, following for

the most part the low land between the hills, some of which had been disused.

The extent to which the defendant and those who had owned or occupied the King farm had used the plaintiff's premises was in controversy. But there was evidence tending to show that in crossing the plaintiff's land they had not confined themselves to one particular route, but that at different times they had crossed it by various ways and in different directions.

Not all of the evidence is reported, but only " the evidence and facts material to the questions now presented," and we understand that all such evidence and facts are reported.

The questions relate to the refusal of the court to give certain rulings which the plaintiff requested, and to those which were· given, and to the failure of the court to instruct the jury spe-- cifically upon the defendant's right to traverse certain courses· after being interrupted by the plaintiff in the use of one over which he claimed a right of way.

In regard to this last, it is to be observed that it does not appear that, after the charge, the attention of the court was called to the matter, or any exception taken to its failure to instruct concerning it, or that the attention of the court was called to the matter specifically before the charge. No question therefore is properly before us in respect to it.

The court gave in substance the first instruction which was requested. There was no need of telling the jury expressly that the defendant was a trespasser, and the plaintiff was entitled to recover for the trespasses if the defendant without right crossed the plaintiff's land for the purpose of taking ice to the premises occupied by one Ruggles. That must have been understood from the instruction which was given. But, as already observed, there was testimony tending to show that the defendant and those who had occupied the King farm had crossed the locus from time to time in various directions, and had not confined themselves to any one route. As bearing on the state of facts thus disclosed, the plaintiff requested the court to instruct the jury that " the practice of the defendant Kennedy and the grantors in title of the King property, so called, in crossing the plaintiff's close in different directions several times a year, however long continued, will not establish a

general right thus to use the close, nor a right of way over the plaintiff's close. . . . The right of way over the plaintiff's close in different places where most convenient to the defendant, or least prejudicial to the plaintiff, cannot be acquired by adverse user." This instruction the court refused to give, and gave the following: " A right of way may be acquired to go over the premises in one direction to reach a certain point, or for a certain purpose, and at the same time a right of way may be acquired to go over the plaintiff's premises to reach a certain other point, or for another purpose." The court also instructed the jury that " in order to justify his acts under a claim of right or title acquired by adverse use of a way over the plaintiff's close, the defendant must satisfy the jury that he or King, or King's grantors, were upon the premises where those acts were committed rightfully; that is, that they were there after a twenty years' peaceable, uninterrupted, continuous adverse use under a claim of right." So far as appears from the exceptions, no instructions were given different from these in relation to the subject matter of the plaintiff's request, and we think that those which were given hardly come up to what was required. It is true that a right of way could be acquired to go over the premises in one direction for one purpose, and another right of way could be acquired to go over them in another direction for a different purpose. But the defendant and those who occupied the King farm could not acquire, under the claim of a right of way, a right of passing and repassing generally over the plaintiff's premises where most convenient to them, or least prejudicial to the plaintiff. *Jones* v. *Percival*, 5 Pick. 485. *Chase* v. *Perry*, 132 Mass. 582. *Starkie* v. *Richmond*, 155 Mass. 188, 196. *Holmes* v. *Seely*, 19 Wend. 507.

A way imports of necessity a right of passing along a particular route between certain termini. Passing over a tract of land in various directions at different times from year to year not only has no tendency to establish a right over a particular route, but would seem to be inconsistent with such a claim. *Holmes* v. *Seely*, *ubi supra*. To establish a way by prescription, the use must be, not only open, adverse, uninterrupted, peaceable, continuous, and under a claim of right, but must be confined substantially to the same route, and to substantially the same

purpose for which the way was designed originally, unless the way is one for all purposes. *Jones* v. *Percival, Chase* v. *Perry,* and *Starkie* v. *Richmond, ubi supra. Atwater* v. *Bodfish,* 11 Gray, 150.

The purpose for which a way was designed may, and perhaps must, be shown by the use made of it. *Atwater* v. *Bodfish,* 11 Gray, 150. *Williams* v. *James,* L. R. 2 C. P. 577. *United Land Co.* v. *Great Eastern Railway,* L. R. 10 Ch. 590.

In the present case, if the defendant and his predecessors in title or occupancy of the King farm used one of the ways for the purpose of carting ice, for instance, from the pond, and another for the purpose of carting logs, lumber, sand, and wood from other premises belonging to that farm, and such use was of the character described above, and was continued for twenty years and upwards, then rights of way for such purposes appurtenant to the King farm would be acquired over the routes so used. But if, in carting ice from the pond, or wood, sand, lumber, or logs from the other premises, no particular route was used by the defendant and his predecessors, but the locus was traversed in such directions as at the time seemed convenient, so that the use was not confined in the main to substantially the same route or routes, but extended as the surface permitted over a considerable part of the entire tract, then no right of way would be acquired.

A majority of the court think that the attention of the jury was not directed sufficiently to this distinction, and that therefore the exceptions must be sustained.

*Exceptions sustained.*