BESSIE E. WORTHEN *vs.* WILLIAM A. GARNO.

Worcester.    September 30, 1902. — October 31, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Way.   License.*

One having a right of way of necessity to draw wood from an inner lot over the land of another, from whom he purchased it standing, has no right to use any road, driveway or cart path he sees fit to choose across the land even if it affords him a reasonable means of ingress and egress and commonly is used by other persons in passing between the wood lot and the highway. To justify his use of a way he must show that its use by him was reasonably necessary and that in using it he took reasonable care not to do injury.

An oral license by a landowner to a purchaser from him of standing wood to use a particular way over his land in passing to and from the wood lot is revoked by the landowner's conveying the land over which he orally had given the right of way without mentioning the way in his deed.

TORT with one count in the nature of trespass *quare clausum* and another count for injury alleged to have been caused by the defendant's negligence in removing wood and timber. Writ dated March 30, 1901.

In the Superior Court the case was tried before *Richardson*, J. The defendant's sixth request for a ruling, which was refused by the judge, was as follows: "That the written grant by A. S. Jefts and E. D. Blood to the defendant Garno of a right to enter upon the described real estate and cut and remove the wood and timber thereon, authorized the defendant to cross their other real estate between that lot and the public highway in the natural and usual way, and to use for that purpose any road, driveway or cart path across their land affording a reasonable means of ingress and egress and commonly used by other persons in passing between that lot and the public highway."

The judge made the rulings stated by the court. The jury returned a verdict for the plaintiff in the sum of $100; and the defendant alleged exceptions.

*A. M. Levy*, for the defendant.

*C. E. Tupper*, for the plaintiff.

LATHROP, J.  The only questions raised in this case are to the refusal of the judge who tried the case to give the sixth

request for a ruling, and to the rulings given on this subject. We are of opinion that the judge was right. The defendant justified his trespass by a written instrument which conveyed to him the standing wood and timber on a certain tract of land, and gave him the right to cut and remove the same during a period of three years. The land on which the wood and timber were did not border upon a highway, but in part upon other land of the plaintiff, and in part upon land of strangers. The instrument said nothing about the way over which the defendant was to haul the wood and timber, and he was entitled, as was conceded, to a way out by necessity. There were two ways from the wood lot. One ran through the plaintiff's mowing land, and between his farm house and barn into a public road, called the Kendall road. This was the way the defendant used. The other ran through another part of the plaintiff's land and also came out upon a public road. There was contradictory evidence on the question whether the second way out was practicable or convenient.

The defendant having only a way by necessity had no right to use any road, driveway or cart path he saw fit to choose, across the plaintiff's land to the highway, even if it afforded him a reasonable means of ingress or egress, and was commonly used by other persons in passing between the wood lot and the highway. There was no evidence that before the alleged trespass any wood had been cut on the wood lot and hauled over the road to the highway. The sixth request was properly refused. *Jones* v. *Percival*, 5 Pick. 485. *Hoyt* v. *Kennedy*, 170 Mass. 54, 56.

We see no error in the instructions given. The judge left it to the jury on all the evidence, to say whether it was reasonably necessary for the defendant to go out the way he did, and instructed them that, if it was reasonably necessary, the defendant was bound to use reasonable care in using the way so as not to do injury. The attention of the jury was fully called to the different phases of the case as presented by the evidence.

It appeared in evidence that the instrument under which the defendant justified was signed by the then owner of the land, one Blood, and that the plaintiff's title to the farm was derived by mesne conveyances from this person. Blood testified that at

the time the purchase was made by the defendant he told him that he could use the road in question. The judge ruled that this was a revocable license to the defendant, and that when Blood conveyed the land without mentioning the license it was thereby revoked.

We do not deem it necessary to determine in this case whether the instrument in question, being under seal, conveyed an interest in land, or whether it was an executory contract, for the breach of which the plaintiff could recover damages against his grantor. See *White* v. *Foster,* 102 Mass. 375 ; *United Society* v. *Brooks,* 145 Mass. 410 ; *Fletcher* v. *Livingston,* 153 Mass. 388. No question is made as to the right of the defendant to enter upon the land and cut the trees, and no question is made as to his right to take away the trees when cut. The only question is whether Blood could by his giving permission to use a particular way impose a right of way over his land which would be binding upon his successors in title when his deed conveyed the land over which he had orally given a right of way and did not mention it in his deed. It seems to us too clear for argument that Blood gave only a license which is not binding upon the plaintiff.

*Exceptions overruled.*