MARIO CONSOLI & another *vs.* FRANK CATANIA & another. March 30,
1978. It is apparent from the face of the master's report (a) that he had
a clear understanding of all the elements the plaintiffs were required
to prove in order to establish their claim to a right of way by prescrip-
tion over the portion of the southwesterly corner of the defendants'
property which the master shaded on the sketch which he prepared
as part of his report (see *Mastandrea* v. *Baressi,* 2 Mass. App. Ct. 54,
55-56 [1974]) and (b) that the only real bone of contention between the
parties was whether the plaintiffs had, at some time following 1959,
relocated the walkway which had been used by their predecessors in
title for more than twenty years prior to 1959. 1. The master's finding
that "the location of the walk as it existed in 1959 coincides with its
present location as shown on the attached sketch" is not vitiated by
his recitations of the defendants' contentions and evidence to the
contrary; those recitations do not constitute findings of fact in accord-
ance with the defendants' contentions. 2. There is no inconsistency
between (c) the master's observation that the "*precise* location" (em-
phasis supplied) of the southerly terminus of the walk "with respect
to" the apex of the triangle formed by the southwesterly line of the
plaintiffs' house lot and the southeasterly line of the defendants' prop-
erty "was not established by the evidence" and (d) the master's finding
of fact, obviously based on his view of the locus, that the walk crossed
the area shaded on the sketch; the quoted observation constitutes
nothing more than a form of mild complaint that the plaintiffs had not
supplied the master with something comparable to a conveyancer's
description of the area shaded by the master and verbally described
by him in the concluding sentence of his original report. 3. Having
thus disposed of the only objections of substance which were advanced
by the defendants with respect to the master's original report, it
becomes unnecessary to decide whether the ultimate findings in favor
of the plaintiffs which are set out in the concluding paragraph of that
report are based solely on the subsidiary findings previously set out
therein (see *Jones* v. *Gingras,* 3 Mass. App. Ct. 393, 395-396 [1975];
*Bills* v. *Nunno,* 4 Mass. App. Ct. 279, 281-282, 283-284 [1976]), because
those ultimate findings cannot be pronounced erroneous in either
event. Part II of the interlocutory order of July 19, 1976, paragraphs
2 and 3 of the interlocutory order of October 27, 1976, and the judg-
ment of October 29, 1976, are all reversed; the case is remanded to the
Probate Court for the formulation of a conveyancer's description of
the shaded area on the master's sketch (see *Highland Club of W.
Roxbury* v. *John Hancock Mut. Life Ins. Co.,* 327 Mass. 711, 715-716
[1951]) and for the entry of a judgment which grants the relief sought

by the plaintiffs in the second and third prayers of their complaint and dismisses the defendants' counterclaim.

So ordered.

Joseph A. Grasso, Jr., for the plaintiffs.
Robert J. O'Sullivan for the defendants.