## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Preshlock et al.

v.

Brenner et al.

May 16, 1984

Case No. (Chancery) 15003

By JUDGE ALBERT H. GRENADIER

The plaintiffs have filed a bill of complaint claiming an easement by prescription to the use of a driveway which is owned in fee by the defendant Brenner and in which the City of Alexandria has a storm sewer easement.

The defendant Brenner has demurred to the bill of complaint and alleges that the plaintiffs have failed to allege in their bill of complaint that the use of the driveway was with the knowledge and acquiescence of the defendant Brenner and that the plaintiffs cannot acquire a right by prescription because the driveway is affected with a public interest by virtue of the City's storm sewer easement.

The Court is of the opinion that the plaintiffs cannot acquire an easement by prescription as a matter of law and that the demurrer should be sustained and the bill of complaint dismissed.

The great weight of authority supports the proposition that no prescriptive right can be acquired in property affected with a public interest or dedicated to a public use. *Lynchburg* v. *C. & O. Railway Co.*, 170 Va. 108 (1938). Additional cases in support of this general rule may be found in 55 A.L.R.2d 612, § 34 (1957). It is clear that the land in question was dedicated to a public use, as a storm sewer easement constitutes a public use. *Burns* v. *Board of Supervisors of Fairfax County*, 218 Va. 625 (1977).

It is true, as the plaintiffs note, that different rights-of-way over the same tract may be acquired for different purposes by prescription, but the case cited as authority for that proposition, *Hoyt* v. *Kennedy*, 170 Mass. 54, 48 N.E. 1073 (1898), is premised upon facts quite different from those in this case. In *Hoyt* there was no public use or interest. The City's easement and the easements claimed by the plaintiffs in this case are not mutually exclusive. The City's easement is above and below the surface and fully encompasses the easement claimed by the plaintiffs.

Accordingly, as the property which is the subject of the plaintiffs' claim is dedicated to a public use, the plaintiffs cannot acquire an easement by prescription over it.