GARY HOWELL[1] *vs.* ELISSA GLASSMAN & another.[2]

No. 91-P-204.

Suffolk. March 9, 1992. - September 29, 1992.

Present: WARNER, C.J., PERRETTA, & IRELAND, JJ.

*Practice, Civil,* Summary judgment. *Real Property,* Condominium. *Condominiums,* Master deed, Parking. *Mistake. Deed,* Reformation.

In an action seeking reformation of a condominium unit deed, based upon mutual mistake, by striking the portion of the deed which conveyed two designated parking spaces to the defendants, the judge correctly allowed the defendants' motion for summary judgment where, on the undisputed facts presented, the claimed mutual mistake could not be corrected without an amendment to the master deed and where, in the circumstances, reformation would be inappropriate as the rights of third parties, the defendants' mortgagee for one, could be unfairly affected. [352-353]

CIVIL ACTION commenced in the Superior Court Department on December 26, 1984.

A motion for partial summary judgment was heard by *George A. Cashman,* J., sitting under statutory authority, and entry of final judgment was ordered by *Barbara J. Rouse,* J.

*Andrew C. Schultz* for the plaintiff.
*David J. Paliotti* for the defendants.

PERRETTA, J. When the defendant owners of a condominium unit claimed that they had the exclusive right to use two parking spaces being leased by the plaintiff for his own benefit, the plaintiff insisted that an interest in the spaces had not been conveyed to them with the purchase of their unit. He brought an action in the Superior Court seeking reformation of the defendants' unit deed. The defendants counterclaimed

---

[1]As trustee of the Botolph-Waltham Trust.
[2]Stephen J. Saltzman.

for an accounting of the rental profits from the lease of the parking spaces and sought to enjoin the plaintiff from using or otherwise exercising any control over the spaces. They then moved for summary judgment on the complaint and counterclaim, and a Superior Court judge allowed their motion. Concluding on the facts before us that the plaintiff, as matter of law, is not entitled to relief, we affirm the judgment.

1. *The undisputed facts.* There is no dispute as to the facts which gave rise to the controversy. The defendants purchased their condominium unit for investment purposes and rented their unit to tenants who had no need for parking spaces. When those tenants vacated the premises, the unit remained vacant. Shortly thereafter, a resident of another unit informed the defendants that the plaintiff had been leasing the two spaces in issue. We relate the circumstances of the sale of the unit as they appear from the exhibits and affidavits submitted on the motion for summary judgment.[3]

a. *The exhibits.* As identified in the master deed dated October 19, 1981, the One Ninety-Seven Realty Corp. was the sponsor of the 197 St. Botolph Street Condominium. The master deed described three parking spaces as included within the condominium's common areas and as subject to a ninety-nine year lease. One of the lessees, Arthur E. Simons, was the beneficiary of the Botolph-Waltham Trust and president of the One Ninety-Seven Realty Corp., which, on March 31, 1982, merged with and became the Seventy-Seven Realty Corp.

On May 3, 1982, the lease of the spaces was terminated and the master deed was amended. By the amendment, the exclusive use of the three parking spaces was reserved "to such unit as the Sponsor may designate by deed." Three days later, Simons, as president of the sponsor (the Seventy-Seven Realty Corp.) conveyed Units 2, 3, 4, 5, and 6 to the trustee

---

[3]By agreement of the parties, we allowed the defendants' motion to strike certain materials from the record appendix. Although those materials reflect a dispute as to certain facts, they are not relevant to our analysis.

of the Botolph-Waltham Trust, E. Dalton McIlwain. All these units were conveyed by a single unit deed. In that deed, i.e., conveying the units, the sponsor designated Unit 4 as having the exclusive right of use of parking spaces A and C and Unit 6 was designated the right of use of space B.

McIlwain signed a purchase and sale agreement with the defendants on June 27, 1982, for Unit 4 and "(b) the exclusive right to use the parking space and storage area, if any, assigned to the Unit." The defendants took title to their unit on August 31, 1982. However, their unit deed to Unit 4 from McIlwain makes no reference to the exclusive right of use of parking spaces A and C.

b. *The affidavits.* Reformation of the unit deed is sought on the basis of a mutual mistake. The mistake described by the plaintiff in his complaint is that "[t]hrough error, inadvertence, and mistake . . . [he] neglected to lease out said spaces as intended prior to executing the . . . [unit] deed . . . and neglected to exclude said [p]arking [s]paces from the . . . [u]nit [d]eed." In opposing the defendants' motion for summary judgment, the plaintiff presented an affidavit from Simons explaining the mistake. Simons stated that he cancelled his original ninety-nine year lease of the three spaces in order to convey the exclusive use of space B to the purchaser of Unit 6. He intended to record a new ninety-nine year lease on spaces A and C immediately after the sale of Unit 6, but "through a mistake, said lease was not recorded." Simons also stated that the defendants never told him that they thought they had purchased the spaces. Without explanation of the basis of his knowledge, Simons alleged that the plaintiff never intended to include the parking spaces in the purchase of Unit 4, and that the plaintiff always intended to rent those spaces.[4]

To show that the defendants knew of this mistake and that it was, therefore, mutual (see *Century Plastic Corp.* v. *Tupper Corp.*, 333 Mass. 531, 535 [1956]), the plaintiff also

---

[4]McIlwain, as trustee of the Botolph-Waltham Trust, signed the purchase and sale agreement and unit deed in dispute. We presume that in speaking of the "plaintiff," Simons was referring to the trustee in 1982.

presented an affidavit from the real estate broker who showed Unit 4 to the defendants. The broker stated that he specifically told the defendants that "no parking spaces were included with the purchase of Unit 4 . . . that parking spaces were available at an extra cost, but that the developers preferred to lease them." According to the broker, the defendants told him that they were "not interested in purchasing . . . [the] parking spaces."

2. *Discussion.* Relying solely on the master deed, its amendment, and the purchase and sale agreement, the defendants did not refute or otherwise challenge any of the facts set out in either of the two affidavits. Although we think that Simons's affidavit is somewhat conclusory, the defendants took no objection to it. See *Madsen* v. *Erwin,* 395 Mass. 715, 721 (1985). We assume the facts therein stated to be true and view them in the light most generous to the plaintiff. See *Graham* v. *Quincy Food Serv. Employees Assn. & Hosp., Library & Pub. Employees Union,* 407 Mass. 601, 603 (1990), and cases therein cited. On the undisputed facts presented, we analyze the plaintiff's claim of a mutual mistake warranting reformation of the defendants' unit deed.

The plaintiff seeks to have the deed to Unit 4 reformed by inserting therein a provision "specifically excluding the rights to use Parking Spaces A and C." Even taking the facts before us as true, we conclude that the claimed mutual mistake cannot be corrected by reformation. The plaintiff's request to insert a specific exclusion of the spaces from the unit deed ignores the fact that the amendment to the master deed reserved the exclusive use of the spaces to the unit designated by the sponsor by deed. The sponsor thereafter relinquished its interest in those spaces to create a property interest appurtenant to and for the benefit of those units designated in its deed to the trustee. Compare *Commercial Wharf E. Condominium Assn.* v. *Waterfront Parking Corp.,* 407 Mass. 123 (1990), *S.C.,* 412 Mass. 309 (1992).

Section 12 of the master deed reads, in pertinent part: "The acceptance of a deed or conveyance or the entering into occupancy of any Unit shall constitute an agreement that (a)

the provisions of this Master Deed, the Unit Deed, the By-Laws and the Rules and Regulations, as they may be amended from time to time, and the said items affecting title to said property, are accepted and ratified by such owner . . . and all such provisions shall be deemed and taken to be covenants running with the land and shall bind any person having at any time any interest or estate in such Unit, as though such provisions were recited and stipulated at length in each and every deed or conveyance thereof."

As we read the master deed and the amendment thereto, it was not open to the trustee, in conveying Unit 4 to the defendants, to include in their unit deed a specific provision excluding the right appurtenant to that unit. Such an exclusion must come by amendment to the master deed, which requires, by the terms of § 7, the "vote of at least 66 2/3 percent in number and in common interest of all unit owners."

Our conclusion is further supported by the fact that if use of the parking spaces was mistakenly made appurtenant to Unit 4, the mistake was that of the sponsor and McIlwain, the trustee as of the date of the sponsor's designation. Even were the sponsor and McIlwain able to show a mutual mistake by clear and decisive proof (see *Berman* v. *Sandler*, 379 Mass. 506, 509-510 [1980]; *Mickelson* v. *Barnet*, 390 Mass. 786, 791 [1984]; *Carlson* v. *Withers*, 16 Mass. App. Ct. 924, 925 [1983]), reformation would be inappropriate as the rights of third parties, the defendants' mortgagee for one, could be unfairly affected. See Restatement (Second) of Contracts § 155, and comment f (1979). In this regard, we do not think it significant that the defendants' mortgage does not describe the right appurtenant to the unit with specificity. The mortgage states, much like § 12 of the master deed, that the provisions of the master deed and any amendments thereto "shall constitute covenants running with the land and shall bind any person having at any time any interest or estate in the Unit. . . ."

*Judgment affirmed.*