KAREN SCHWARTZMAN & another[1] vs. HARRY A. SCHOENING & another.[2]

No. 94-P-2089.

Suffolk. February 6, 1996. - August 29, 1996.

Present: ARMSTRONG, JACOBS, & LENK, JJ.

*Real Property,* Condominium. *Condominiums,* Master deed, Common area.

Where a condominium was established, pursuant to G. L. c. 183A, by a duly recorded master deed that identified as common elements of the condominium six parking spaces, the exclusive use of which was reserved to such unit as the sponsor designated by deed, the inclusion by the sponsor in a unit deed of an exclusive right of use of two of the parking spaces created an interest in the nature of an easement appurtenant to the particular unit such that the unit owner's subsequent purported ninety-nine year lease of the two parking spaces prior to his conveyance of the unit with the purported exclusive right to use the designated parking spaces, but nevertheless subject to the lease, was invalid. [222-224]

CIVIL ACTION commenced in the Superior Court Department on October 14, 1988.

The case was heard by *Richard S. Kelley,* J., on motions for summary judgment.

*Andrew C. Schultz* for the defendants.

*Risa G. Sorkin (Daniel J. Kelly* with her) for the plaintiffs.

JACOBS, J. In question is the validity of a ninety-nine year lease by the defendant Schoening to his wife, the defendant Stuart, of parking spaces reserved to a unit formerly owned by Schoening and comprising part of a ten-unit residential condominium. The issue arises in the context of a declaratory action brought by the managers of the condominium, and the plaintiff Schwartzman, a subsequent owner of the unit. The

[1]Board of Managers of 70 Marlborough Condominiums. See G. L. c. 183A, § 1.

[2]Amy Stuart.

defendants appeal from a summary judgment granted on the plaintiffs' motion by a judge of the Superior Court who concluded the lease was invalid. We affirm.

The condominium, located at 70 Marlborough Street in Boston, was established on January 9, 1981, pursuant to G. L. c. 183A, by a duly recorded master deed that identified as common elements of the condominium six parking spaces,[3] "the exclusive use of which is reserved to such unit as the Sponsor may designate by Deed."[4] By a unit deed executed and recorded on the same day, the condominium sponsor[5] conveyed Unit 9 to Schoening together with the "exclusive right to use" two designated parking spaces. In August, 1983, Schoening executed a lease of those spaces to Stuart for a period of ninety-nine years and recorded a "NOTICE OF PARKING SPACE LEASE" at the Suffolk County registry of deeds. See G. L. c. 183, § 4, and G. L. c. 185, § 71. Thereafter, Schoening conveyed Unit 9 to a predecessor in interest of Schwartzman together with the purported exclusive right to use the designated parking spaces but nevertheless expressly subject to the lease to Stuart. After intervening ownerships created by deeds containing similar provisions, Schwartzman acquired Unit 9 by a deed which also recited that the unit was conveyed together with the exclusive right to the use of the parking spaces, but subject to the lease to Stuart. From the inception of the lease, Stuart has rented the parking spaces to others but has not contributed to their maintenance and repair. Conversely, Schwartzman has paid common area assessments to an organization of the unit owners (the association), which is obliged under its by-laws to repair and maintain the common elements of the condominium, includ-

---

[3]Parking areas expressly are included in the definition of "Common areas and facilities" of a condominium by G. L. c. 183A, § 1, inserted by St. 1963, c. 493, § 1.

[4]The dedication by the master deed of a portion of the common areas to the exclusive use of a unit now is encompassed in the definition of "Limited common areas and facilities" in G. L. c. 183A, § 1, inserted by St. 1994, c. 365, § 1, effective January 1, 1996. Previously, the concept of limited or exclusive use of common areas was recognized in our case law. See *Tosney* v. *Chelmsford Village Condominium Assn.*, 397 Mass. 683 (1986); *Kaplan* v. *Boudreaux*, 410 Mass. 435 (1991); *Belson* v. *Thayer & Assocs., Inc.*, 32 Mass. App. Ct. 256 (1992).

[5]General Laws c. 183A, § 1, as amended through St. 1992, c. 400, § 2, now defines the person or entity submitting land to the provisions of c. 183A as the "Declarant."

ing the parking spaces reserved to Unit 9. See G. L. c. 183A, §§ 1, 5(*e*), 11(*a*).

Schoening and Stuart rely on the determination in *Commercial Wharf E. Condominium Assn.* v. *Waterfront Parking Corp.*, 407 Mass. 123 (1990), *S.C.*, 412 Mass. 309 (1992), that nothing in G. L. c. 183A expressly precludes the retention by the developer of a condominium of nonownership interests in a condominium's common area, to argue that the recorded leasehold interest created by them was a valid nonownership interest, which under established property law is binding on succeeding owners of Unit 9 who had constructive, and perhaps, actual knowledge of it. That argument overlooks the express reservation of the use of parking spaces to the designated units and not to the titleholders of such units. By operation of that reservation, the right of exclusive use became a property interest appurtenant to Unit 9. See *Howell* v. *Glassman*, 33 Mass. App. Ct. 349, 352-353 (1992). That such right of exclusive use is not independent of and severable from Unit 9 is supported by the association's by-laws which, conformably with the general objectives of a residential condominium, limit the uses of the common elements to those which "are incident to the use and occupancy of Units." The nonseverability of the right of exclusive use is further supported by the spirit, and arguably the letter, of a provision of the association's by-laws which states: "No part of the [a]ppurtenant [i]nterests of any [u]nit may be sold, transferred or *otherwise disposed of*, except as part of a sale, transfer or other disposition of the [u]nit to which such interests are appurtenant . . . ." (emphasis supplied). The master deed declares its provisions and those of the by-laws to be "covenants running with the land" and binding upon unit owners.

The inseparability of the parking spaces from the unit to which they exclusively were reserved is not inconsistent with the law of real property upon which the defendants rely. We look to that law in the context of the general proposition that the common areas of the condominium are owned collectively by the unit owners, each holding an undivided percentage interest in those areas. General Laws c. 183A, § 5(*a*). *Kaplan* v. *Boudreaux*, 410 Mass. 435, 438, 442 (1991). *Noble* v. *Murphy*, 34 Mass. App. Ct. 452, 456 (1993). When the unit deed passed from the sponsor to Schoening, the collective interest of the unit owners in the two designated parking spaces

became servient to the dominant tenement of the owner or lawful possessor of Unit 9. Stated otherwise, the inclusion in the sponsor's deed of an exclusive right of use of the two parking spaces created an interest in the nature of an appurtenant easement over a described portion of those common areas running in favor of Unit 9.[6] See *Commercial Wharf E. Condominium Assn.* v. *Waterfront Parking Corp., supra* at 133 ("an easement is an interest in land which grants to one person the right to use or enjoy land owned by another"); *Howell* v. *Glassman, supra* at 352 ("The sponsor . . . relinquished its interest in [the parking] spaces to create a property interest appurtenant to and for the benefit of those units designated in its deed"). "An easement is appurtenant to land when the easement is created to benefit and does benefit the possessor of the land in his use of the land." Restatement of Property § 453 (1944). Undoubtedly, one of the objectives of the original unit deed was to confer upon the owner of Unit 9 the benefit of exclusive use of the designated parking spaces in conjunction with and incident to his possession of Unit 9. See Restatement of Property, *supra* § 453, comments a and b. That the interest so created benefits and attaches to the unit as distinguished from the owner of the unit is confirmed by the general presumption favoring appurtenant easements as distinguished from personal easements (easements in gross). "An easement is not presumed to be personal unless it cannot be construed fairly as appurtenant to some estate." *Willets* v. *Langhaar,* 212 Mass. 573, 575 (1912); Eno & Hovey, Real Estate Law § 8.2 (3d ed. 1995); 25 Am. Jur. 2d, Easements & Licenses § 12, at 580 (1996).

Treated as an easement appurtenant to Unit 9, the right to exclusive use of the parking spaces is, by definition, "incapable of existence separate and apart from the particular land to which it is annexed." Black's Law Dictionary 509 (6th ed. 1990). See 7 Thompson, Real Property § 60.02(f)(1) (Thomas ed. 1994). See also *Goodrich* v. *Burbank,* 12 Allen 459, 462 (1866). When Schoening purported to lease the parking spaces, he, in effect, improperly was attempting to transfer the appurtenant easement of exclusive use to his wife for a

---

[6]The nature of the interest created by the reservation of the right of exclusive use is more characteristic of an easement than a license. See *Commercial Wharf E. Condominium Assn., supra* at 123; *Kaplan* v. *Boudreaux,* 410 Mass. at 442; Restatement of Property § 514 (1944).

limited period. While the right of exclusive use may be extinguished or abandoned by express provision that the benefit of the easement shall not pass to the transferee of the dominant tenement, it may not be separated from that tenement and thereby converted to an easement in gross unless permitted by the terms of the instrument which created the easement — in our case, the master deed establishing the condominium. See Restatement of Property, *supra* § 487, comments b and c.[7] That deed does not contain such terms. The right of exclusive use of the parking spaces, therefore, "is a right which cannot be severed and sold separate from the estate [to which it is annexed]." *Phillips* v. *Rhodes,* 7 Met. 322, 324 (1843).

Accordingly, we determine the judge's declaration of invalidity to be correct. Given our conclusion, we need not consider, as did the judge, the effect of either G. L. c. 183A, § 5(*b*), or the possible inequity or illogic of requiring a unit owner to pay charges for maintaining facilities from which she receives no benefit. See *Tosney* v. *Chelmsford Village Condominium Assn.,* 397 Mass. 683, 687 (1986); *Beaconsfield Towne House Condominium Trust* v. *Zussman,* 401 Mass. 480, 485, 486 n.14 (1988), *S.C.,* 416 Mass. 505 (1993).

*Judgment affirmed.*

---

[7]We have found no Massachusetts decisions that interpret the sections of Restatement of Property (1944 & Supp. 1996) which we cite. Our courts often have resorted to the Restatement of Property as reflecting the common law. See, e.g., *Kaplan* v. *Boudreaux,* 410 Mass. at 440; *Lowell* v. *Piper,* 31 Mass. App. Ct. 225, 229-230 (1991); *Cheever* v. *Graves,* 32 Mass. App. Ct. 601, 605-607 (1992).