JAMES G. McELLIGOTT & another[1] *vs.* RUSSELL A. LUKES.

No. 95-P-658.

Suffolk. May 20, 1996. - January 22, 1997.

Present: KASS, JACOBS, & FLANNERY, JJ.

*Jurisdiction,* Housing Court. *Housing Court,* Jurisdiction. *Condominiums,* By-laws, Master deed. *Real Property,* Condominium, Lease. *Estoppel.*

A judge of the Housing Court properly exercised jurisdiction to determine parties' rights to use and occupancy of a free-standing garage appurtenant to a condominium building, where such an on-site garage is a "housing accommodation" within the meaning of G. L. c. 185C, § 3. [62]

A ninety-nine year lease of a common area garage appurtenant to a condominium building, granted by a unit owner who had a deeded easement for exclusive use of the garage, amounted to an attempt to transfer the appurtenant interest apart from a conveyance of the unit in violation of G. L. c. 183A, § 5, and the by-laws of the condominium, and consequently the lease was void. [63-64]

Plaintiffs who took title to property with knowledge of a lease were not estopped from attacking the validity of the lease. [64-66]

CIVIL ACTION commenced in the City of Boston Division of the Housing Court Department on July 21, 1989.

The case was heard by *E. George Daher,* J.

*Marc S. Seigle* for the defendant on appeal.

*Harvey S. Shapiro* for the plaintiffs.

JACOBS, J. Soon after purchasing a residential condominium in Boston in October, 1988, the plaintiffs discovered that the free-standing garage adjacent to the building housing their unit was being advertised for rent by a bank. The bank claimed to be a successor lessee under a ninety-nine year lease written in 1980. By the time the plaintiffs filed an action in the Housing Court in July, 1989, seeking a declaration that they are entitled to use and occupy the garage, the defendant

[1]Sandra G. McElligott.

had purchased the leasehold interest in the garage from an assignee of the bank. A December, 1994, judgment of the Housing Court declares the lease void, and enjoins the defendant from exercising any control over the garage. We address the three principal issues raised by the defendant in his appeal from that judgment.

1. *Jurisdiction of the Housing Court.* The defendant claims the Housing Court exceeded its jurisdiction and that its judgment should be reversed and the case dismissed. In their pleadings, the plaintiffs sought a determination of their "right to [the] use and occupancy of [the] garage," claiming it as adjunct to their residential condominium. The jurisdiction of the Housing Court, G. L. c. 185C, § 3, as appearing in St. 1987, c. 755, § 3, includes civil actions "under the provisions of common law and of equity and any other general or special law . . . as is concerned directly or indirectly with the health, safety, or welfare, of any occupant of . . . a place of human habitation and the possession . . . or use of any particular housing accommodations . . . furnished in connection therewith." When viewed in the contemporary urban context, an on-site garage as is here involved, is a housing accommodation of significance. Such an amenity confers upon the housing occupants entitled to its use, benefits closely related to their welfare and safety.[2] Even construing the term welfare in a narrow sense, see and compare *Isakson* v. *Vincequere,* 33 Mass. App. Ct. 281, 282-285 (1992), we think the provision of this kind of adjunct housing accommodation objectively improves the quality of the use of the dwelling by the occupants. It is a matter of common knowledge that such off-street parking, in an urban setting and proximately located to the dwelling unit, enhances the occupants' personal safety and convenience and also provides a perceptible public benefit. Cf. *Radcliffe College* v. *Cambridge,* 350 Mass. 613, 617 (1966). Because these considerations of safety and welfare are integral to the use and possession of a residential dwelling and its accommodations, they bring the plaintiffs' action within the jurisdiction of the Housing Court. See *Commonwealth* v. *Lappas,* 39 Mass. App. Ct. 285, 288-289 (1995). Compare *Worcester Heritage Soc., Inc.* v. *Trussell,* 31 Mass. App. Ct. 343, 347 n.3 (1991).

---

[2]"Few events so stir the civic consciousness as the removal of convenient parking." *Bowers* v. *Board of Appeals of Marshfield,* 16 Mass. App. Ct. 29, 31 (1983).

2. *Right to exclusive use of the garage.* The "184-190 Commonwealth Condominium" was established pursuant to G. L. c. 183A by a master deed recorded in 1979. The first owner of the plaintiffs' unit, on the day of his receipt of a deed from the declarants of the condominium in June, 1980, leased the garage back to one of the declarants. The lease document, duly recorded, provided for ninety-nine years at a rental of one dollar per year and included the right to sublease. Less than a month later, the unit was conveyed by that first owner by a deed which, unlike the later deeds in the plaintiffs' chain of title, expressly refers to the conveyance as being subject to the lease. The succeeding deed, and the deed into the plaintiffs, contain only references to prior deeds.

In 1988, the declarant lessee of the garage assigned his interest in the lease. There followed three other assignments of the lessee's interest, the last of which was to the defendant in March, 1989, for a consideration of $140,000. All of the assignments were duly recorded.

In allowing the plaintiffs' motion for summary judgment, the judge stated: "The granting of a ninety-nine (99) year lease is the equivalent of a fee simple, and thus is a severance from the unit of a portion of its interest in the common areas . . . in violation of G. L. c. 183A, § 5[,] and the by-laws of the condominium." The judge subsequently issued an order enjoining the defendant from exercising any control over the garage. Based on our review of the summary judgment materials, consisting principally of the condominium documents, and on the authority of *Schwartzman* v. *Schoening*, 41 Mass. App. Ct. 220 (1996), we conclude there is no error.

The master deed describes the garage as part of the common elements of the condominium, and provides "that [the] *Unit* . . . shall have an easement for the exclusive use of said garage" (emphasis supplied). It also expressly requires all owners to comply with its provisions and those of the by-laws, declaring these provisions to be covenants running with the land. The by-laws, duly recorded with the master deed, prohibit a unit owner from excluding any appurtenant interest in any conveyance of a unit, and specifically define "Appurtenant Interests" as including "easements for the exclusive use of Common Elements." They express the "intention . . . to prevent any severance of such combined ownership." The by-laws also prohibit the transfer of any appurtenant interest

of any unit "except as a part of" the disposition of that unit. The lease here constituted an attempt to transfer an appurtenant interest apart from a disposition of the unit. Accordingly, we conclude, as we did in *Schwartzman* v. *Schoening, supra,* and conformably with the general objectives of a residential condominium and consistently with real property law, that the provisions in the relevant condominium documents prohibit such a severance, and that the lease, therefore, is void.[3]

3. *Other issues.* We reject the defendant's argument that the plaintiffs should be estopped from attacking the validity of the lease simply because they took their title with knowledge of the outstanding lease.[4] We discern nothing in the record indicating that the plaintiffs in any way induced the defendant to act to his detriment, thereby giving rise to an estoppel. See *Cleaveland* v. *Malden Sav. Bank,* 291 Mass. 295, 297 (1935); *Ecclesiastes 3:1, Inc.* v. *Cambridge Sav. Bank,* 10 Mass. App. Ct. 377, 383 (1980). To the contrary, the record shows the plaintiffs claimed their right to use the garage approximately two months before the defendant acquired his interest in the lease. No recent Massachusetts appellate decision has been brought to our attention that so clearly declares the principle here involved as *Cleveland Boat Serv., Inc.* v.

---

[3]The master deed in the present case expressly grants to the unit an easement for the exclusive use of the garage. The operation of a "reservation of the use of parking spaces to the designated units and not to the titleholders of such units" converts the right of their exclusive use to a "property interest appurtenant" to the unit. *Schwartzman* v. *Schoening,* 41 Mass. App. Ct. 220, 222 (1996). The law of real property provides that the creation of such an appurtenant easement will be construed as benefitting and attached "to the unit as distinguished from the owner." *Id.* at 223. "[T]he benefit of the easement . . . may not be separated from [the unit] . . . unless permitted by the terms of the instrument which created the easement — in our case, the master deed establishing the condominium. That deed does not contain such terms" (citation omitted). *Id.* at 224. Here also, the master deed not only contains no such separation language but the by-laws explicitly prohibit severance.

[4]The defendant, in addition to relying on the plaintiffs' chain of title, points to the plaintiffs' purchase agreement which contains an acknowledgment that the use of the garage is not included in the sale. Notice analysis ultimately does not benefit the defendant because he is chargeable, through the references in the lease to the recorded master deed which in turn incorporates the recorded by-laws, with constructive notice of the provisions prohibiting severance of the appurtenant garage from the unit.

*Cleveland,* 102 Ohio App. 255, 260-261 (1955), aff'd, 165 Ohio St. 429 (1956), in which the court stated:

> "The question before us thus becomes: Is a party that accepts a deed to real estate containing a provision that the property acquired is subject to an existing lease of part of the land conveyed estopped from challenging the validity of the lease on the ground that the same is void? Putting it more succinctly: Does estoppel by deed apply to an instrument that is void? We hold that the answer to that question must be in the negative for to hold otherwise would in effect be saying that a right can be created by the mere recitation that it exists. Estoppel by deed presupposes that some interest in land exists by sanction of law. If none in fact was created, how can the mere opportunity to deny it infringe upon, contravene or jeopardize the right or interest of anyone?"[5]

Compare *Hixon* v. *Starr,* 242 Mass. 371 (1922) (grantee in a deed that recited that the deeded property was unencumbered except for a lease was not estopped from denying she was bound by the lease which previously had been entered into by the grantor's father without authority); *Cleaveland* v. *Malden Sav. Bank, supra* (in the circumstance of a son hav-

---

[5]The Ohio court's definition of "estoppel by deed" as "the precluding of a party from denying a certain fact recited in the deed executed by or *accepted by him*," 102 Ohio App. at 259 (emphasis supplied), differs from our statement of estoppel by deed in cases such as *Zayka* v. *Giambro,* 32 Mass. App. Ct. 748, 751 (1992) ("Estoppel by deed occurs when . . . a grantor conveys property by deed which, unknown to the grantee, the grantor does not own at the time of the conveyance, but which the grantor later acquires. In such a case, the grantor . . . is estopped from asserting against the grantee a claim of title to the property conveyed" [footnote omitted]). The Ohio court does not, however, state a theory of estoppel inconsistent with our case law. See *Holliston* v. *Holliston Water Co.,* 306 Mass. 17, 22 (1940) (grantee not barred from contesting validity of underlying rights of third party, where grantor conveyed "subject to any rights" of that party). See generally, 31 C.J.S. Estoppel & Waiver § 34(c), at 390-391 (1996). Our law does not regard estoppels with favor or apply them beyond the requirements of the particular transaction. See *Ecclesiastes 3:1, Inc.* v. *Cambridge Sav. Bank,* 10 Mass. App. Ct. at 383. We conclude that because cases such as *Susse Chalet Inn of Holyoke, Inc.* v. *Howard D. Johnson Co.,* 12 Mass. App. Ct. 31, 35 (1981), are confined to their particular facts and circumstances, nothing there or in the authorities there cited, requires the application of any principle of estoppel to the present case.

ing mortgaged real estate deeded to him by his incompetent mother, the mother's acceptance of a reconveyance containing a recitation that it was subject to the mortgage did not estop her from denying the validity of the mortgage). In the circumstances, we conclude that the plaintiffs are not estopped from contesting the validity of the lease.[6]

*Judgment affirmed.*

---

[6]We have no occasion to consider the defendant's claim that the plaintiffs received a windfall at his expense from the garage renovations made by him, because the matter was not litigated below. Also, we reject the defendant's assertion that the Housing Court improperly reformed the plaintiffs' deed. That court merely recognized what is apparent in the recorded condominium documents — that the severance of the garage from the unit is prohibited.