The defendants, Thomas and Dawn Martel and Andrew Schlosberg, appeal from a third amended judgment issued by a judge of the Land Court in a dispute involving ownership of, and access to, a beach in Hingham Harbor situated near the parties' homes. Concluding that all of the remaining plaintiffs[4] hold easement rights to access and use the beach, effective by deed and implication, we affirm.
1. Background. For a detailed factual background of the dispute over the beach and walkways, we refer to the Land Court judge's initial decision entered on December 12, 2007, and his third revised decision dated August 3, 2016. On remand from this court, see Crow Point Community Club v. Martel, 88 Mass. App. Ct. 1103 (2015),[5] the judge found that all named plaintiffs-those on lots A through I tracing title directly through William Daley, as well as those on lots J through P tracing title through the April, 1929, deed conveying those lots to Thomas J. Higgins-to be beneficiaries of the deeded rights conveyed through the May, 1929, deed. The judge adjudicated the scope of those rights accordingly.[6]
2. Standard of review. On appeal from a trial court judgment, we review a judge's findings only for clear error, Brandao v. DoCanto, 80 Mass. App. Ct. 151, 156 (2011), but review conclusions of law de novo. Martin v. Simmons Properties, LLC, 467 Mass. 1, 8 (2014). As the defendants here do not challenge any factual findings, we limit our discussion to the Land Court judge's application of law.
3. Deeded easement rights. An easement is appurtenant to land where it is created to benefit the land and benefits the possessor in the use of that land. Denardo v. Stanton, 74 Mass. App. Ct. 358, 361 (2009). Appurtenant easements attach to and run with the land intended to benefit thereby (the dominant estate), and consequently benefit subsequent possessors of that property. Schwartzman v. Schoening, 41 Mass. App. Ct. 220, 223 (1996). If expressly granted by deed, the instrument must only reasonably identify the dominant and servient tenements and the easement itself. Haugh v. Simms, 64 Mass. App. Ct. 781, 784-785 (2005).
"The general principle governing the interpretation of deeds is that the intent of the parties is 'ascertained from the words used in the written instrument interpreted in the light of all the attendant facts.' " Perry v. Nemira, 91 Mass. App. Ct. 12, 17 (2017), quoting from Hickey v. Pathways Assn., Inc., 472 Mass. 735, 744 (2015). When the deed's language, however, "is 'clear and explicit, and without ambiguity, there is no room for construction, or for the admission of parol evidence, to prove that the parties intended something different.' " Hamouda v. Harris, 66 Mass. App. Ct. 22, 25 (2006), quoting from Cook v. Babcock, 7 Cush. 526, 528 (1851).
There is no ambiguity in the deed at issue. The May, 1929, deed expressly grants easement rights to "[Daley], and to those claiming under him as their respective interests may appear as appurtenant to the land on Downer Avenue and Jarvis Avenue ... conveyed to said Daley by George A. Cole by deed dated March 5, 1929" (emphases supplied). The grantor explicitly intended the easement to be appurtenant and to benefit the land on Downer and Jarvis Avenues conveyed in the March, 1929, Daley-Cole deed as the dominant estate. The easement runs with the land, and benefits all possessors of those lots. The May, 1929, deed also identifies the easement as granting recreational use of "the beach and shore of Hingham harbor opposite the end of Melville Walk and Lot 1 on [the 1897 Plan]" (the servient estate). Given that it would be inconsistent with the intention of the grantor to provide for the use of the beach while denying the necessary access to do so, it is well-established that the conveyance must include access rights through an implied easement. See Murphy v. Olsen, 63 Mass. App. Ct. 417, 423-424 (2005). All the plaintiffs in this appeal claim under Daley as owners of lots within the dominant estate, and thereby hold easement rights to access the beach as conferred by the May, 1929, deed.
Moreover, the fact that Daley conveyed lots presently owned by certain plaintiffs to Higgins, prior to the May, 1929, deed, does not invalidate the rights of those plaintiffs. This case does not involve a chain-of-title defect in the grantor of a purported easement, see Dalessio v. Baggia, 57 Mass. App. Ct. 468, 469-472 (2003), as the defendants do not dispute that the Downer estate retained access rights in their predecessors' property at the time of the May, 1929, deed. Nor do the defendants claim a title defect such that the encumbrance imposed on their property could not be reasonably ascertained. See Devine v. Nantucket, 449 Mass. 499, 507 (2007). Indeed, the defendants were well aware that the May, 1929, deed subjected their property to easements at the time of its conveyance. Rather, the defendants argue that the easement's grantees cannot include those plaintiffs tracing title through Higgins because they are outside Daley's record title chain.
Appurtenant easements, however, are not required to be recorded in the grantees' title. Cheever v. Graves, 32 Mass. App. Ct. 601, 606 (1992) ("[T]he fact that no easement rights ... are expressly recited in the [grantees'] chain of title is of no significance"). Similarly, the grantee owner or successors in interest of the dominant estate need not be specifically or even correctly identified at the time of conveyance. See Reagan v. Brissey, 446 Mass. 452, 458-461 (2006) (reference to subdivision plan sufficient to deed easements appurtenant to specific lots). Rather, it is required only that the dominant and servient estates be reasonably ascertainable. See Haugh, 64 Mass. at 785. Likewise, "[w]hether a way is appurtenant to land depends upon its relation to the land in respect of use, and not upon any correspondence with the title of the owner in respect of duration." Dennis v. Wilson, 107 Mass. 591, 594 (1871). Once the appurtenant property is identified, "[a]n easement is to be interpreted as available for use by the whole of the dominant tenement existing at the time of its creation." Matthews v. Planning Bd. of Brewster, 72 Mass. App. Ct. 456, 465 (2008), quoting from Pion v. Dwight, 11 Mass. App. Ct. 406, 410 (1981). It is thus irrelevant whether the plaintiffs trace title through Daley or Higgins, because they all possess property comprising the dominant estate at the time of the May, 1929, deed and in relation to use of the beach.
4. Implied easement rights. "[R]ights and appurtenant easements pass by grant without specific mention," Cheever, 32 Mass. App. Ct. at 606 ; they belong to the granted estate and are implicitly "included in the conveyance, unless the contrary shall be stated in the deed." G. L. c. 183, § 15. It is therefore of no consequence that the May, 1929, deed did not expressly grant access rights in Melville Walk.
Furthermore, there is no general prohibition against the conveyance of implied easements; rather, "[w]hen an easement ... is created, every right necessary for its enjoyment is included by implication," Murphy, 63 Mass. App. Ct. at 423, quoting from Anderson v. De Vries, 326 Mass. 127, 134 (1950), and thus "[a] conveyance of an easement will include a right of access to the easement." Id. at 424, quoting from Restatement (Third) of Property, Servitudes § 2.15 comment b (2000). See Labounty v. Vickers, 352 Mass. 337, 346 (1967) ("[Plaintiffs'] predecessors in title owned an [implied] easement in the land of the defendants' predecessors in title and that easement passed to the plaintiffs by the deeds of their predecessors"); Reagan, 446 Mass. at 454, 458-459 (easement by necessity, conveyed by deed, granted present-day owners of appurtenant property right to use parks otherwise owned by grantor's heirs). Thus, as it is now established that the Downer estate retained an easement by implication in Melville Walk, the deed thereby conveyed the same easement by implication across the defendants' property to the lots now owned by the plaintiffs. Any subsequent conveyance included all rights belonging to those properties under G. L. c. 183, § 15, including the implied rights necessary to access the beach. See Murphy, 63 Mass. App. Ct. at 423.
It is not the case, likewise, that the Downer estate impermissibly imposed an easement across a servient estate it did not own at the time, as the defendants suggest. Rather, the May, 1929, deed conveyed a preexisting easement across the defendants' land, imposed by implication and attached as intended to the plaintiffs' current property within the dominant estate.
The Downer estate retained lots opposite Melville Walk through 1924, including the properties now owned by the plaintiffs. We previously noted that the "use of a way for access preceding severance of the dominant parcel from the servient way will support the creation of an easement by implication," Kane v. Vanzura, 78 Mass. App. Ct. 749, 756 (2011), while observing that "Downer, and those claiming through his estate, would have used Melville Walk for access to the beach," prior to the conveyance of the servient estate to the defendants' predecessors beginning in 1897. Id. at 757. The implied access rights, therefore, were appurtenant to the lots now owned by the plaintiffs at the time of the easement's creation in 1917, when the Downer estate conveyed the last of its interest in Melville Walk and severed its common ownership of the dominant and servient estates. The subsequent conveyance to the plaintiffs' predecessors, claiming through the Downer estate, would by implication include those preexisting access rights. See Murphy, 63 Mass. App. Ct. at 423. The May, 1929, deed did not, then, improperly impose a new easement across property no longer owned by the Downer estate, but expressly conveyed one that already validly existed over the defendants' land and appurtenant to the plaintiffs' property from inception.
Indeed, as both the deed and attendant circumstances here demonstrate, see Labounty, 352 Mass. at 344, the plaintiffs' properties have at all relevant times comprised the dominant estate. Cf. Taylor v. Martha's Vineyard Land Bank Commn., 475 Mass. 682, 686 (2016) (easement may not be used to benefit estate other than dominant estate). The easement, in this respect, is not alleged to be overburdened, given that the plaintiffs seek access only for the use of their rights in the beach as granted, see Hamouda, 66 Mass. App. Ct. at 28-29 ; nor is it overloaded.[7]
As more fully discussed in the Land Court judge's third revised decision, and consistent with the preceding analysis, the 1879 indenture and subsequent conception of the 1897 plan illustrate the intent of the parties to provide the properties now owned by the plaintiffs with the appurtenant use of the beach as part of a planned seaside community. Thus, when the plaintiffs' predecessors purchased that property in 1924, it was part of the dominant estate in regard to the implied easement across the defendants' property.
The May, 1929, deed confirms this intention by expressly granting use of the beach to those particular lots only months before the expiration of the nearly-identical rights conferred in the 1879 indenture. To now invalidate the implied easement would effectively extinguish all other rights in the beach, contrary to the express intent of the parties and rendering the plaintiffs' rights in the beach useless. See Kline v. Shearwater Assn., Inc., 63 Mass. App. Ct. 825, 831 (2005), quoting from Maddalena v. Brand, 7 Mass. App. Ct. 466, 469 (1979) (easements construed to avoid results "inconsistent with what was meant by the parties to or the framers of the instrument"). See also Perry, 91 Mass. App. Ct. at 18 (interpreting deed to include implied access rights where expressly-granted easement would otherwise be "utterly useless" to owner). We decline to do so.
In short, the Downer estate effectively conveyed the rights it purported to through the May, 1929, deed expressly and by implication. The plaintiffs, as successors in interest to the owners of property within the dominant estate at all relevant times, thereby hold implied easement rights to access the beach across the defendants' property to the extent determined by the unchallenged findings of the Land Court judge.
Third amended judgment affirmed.

The original plaintiffs were James and Irene Kane, Donald and Geraldine Mann, and the Crow Point Community Club, to which Melinda Ponder, Ronald C. Cates, Dana Malcolm, Richard and Virginia McCourt, Maryanne Campbell, Arthur W. Handrahan, Stacey A. Dow, Robert P. and Anne D. Masland, Alfred and Edythe Cox, Mark G. Patrolia, Gayle Callahan, Anthony and Kathleen Arnold, Mary T. Dillon, Margaret S. Iser, and Charles J. and Carol A. Murray were later added. This appeal, however, concerns only the "deeded rights plaintiffs." Cates, Malcolm, the McCourts, the Maslands, and Iser were previously dismissed from this action on directed verdicts against their claims of prescriptive rights in the disputed property. Campbell, Handrahan, Dillon, and the Murrays hold prescriptive rights and are not parties to this appeal. The Crow Point Community Club was dismissed from this action by agreement of the parties. Furthermore, Valerie B. Robin and Brian J. Cavanaugh now own the Manns' former property, John and Cassandra Annello now own Ponder's former property, and Neil Flaherty and Alanna Whelan now own the Arnolds' former property.

We previously addressed this litigation in Kane v. Vanzura, 78 Mass. App. Ct. 749 (2011). There, we reversed part of the initial decision issued by the Land Court judge regarding ownership of the fee interest in the beach and held that the Downer estate, at the time of the May, 1929, deed conveying rights to use and access the beach, possessed the rights that it purported to convey by that deed. Id. at 754-755. In the second revised decision, dated May 16, 2014, the Land Court judge held on remand that interpreting the May, 1929, deed required (1) determining the identity of the deeded rights plaintiffs; and (2) determining what rights they hold. The judge, however, concluded that both issues required the Downer estate as a necessary party and deferred further determination of the matter. On subsequent appeal, we vacated that portion of the decision and again remanded to the Land Court to determine (1) which of the parties claiming to be "deeded rights plaintiffs" actually had rights to access and use the beach; and (2) the scope of those rights. See Crow Point Community Club, 88 Mass. App. Ct. at 1103. The Land Court judge then issued the third revised decision and third amended judgment on August 3, 2016.

The original defendants to this action included Robert and Cynthia Stimson, Michael and Mary Donahue, Amyra O'Connell, and George and Martha Schwartz. O'Connell was dismissed as a party to the action prior to this appeal, and the plaintiffs no longer claim any right adverse to the Schwartz property. During the pendency of this action, moreover, the Stimsons conveyed their property to Cedric and Elizabeth Vanzura, who were substituted as defendants. The Vanzuras then sold that property to Thomas and Dawn Martel, who have been substituted for the Vanzuras with the permission of the Land Court and are current defendants in this appeal. Likewise, the Donahues conveyed their property to Andrew Schlosberg, who was substituted for the Donahues and is a current defendant in this appeal.

See Taylor, 475 Mass. at 685 n.11, quoting from Southwick v. Planning Bd. of Plymouth, 65 Mass. App. Ct. 315, 319 n.12 (2005) ("We 'use[ ] "overburden" to describe only use of an easement for a purpose different from that intended in the creation of the easement, [and] "overload" to describe the situation ... where an appurtenant easement is used to serve land other than the land to which it is appurtenant' ").